# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES D. WIMBER and<br>MARY J. GERVAIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:19-cv-00663 |
| v. | ) | |
| | ) | |
| ERIC JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

James D. Wimber, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, and his mother, Mary J. Gervais, a resident of Dover, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Eric Jackson, Charlie Jackson, and Jackson Logging Company. (Doc. No. 1).

## I.     Resolution of the Filing Fees

### A.     Mary J. Gervais

By Order entered on August 21, 2019, the Court notified Gervais that, if she wished to pursue this action, she must submit an application to proceed in forma pauperis or her portion of the civil filing fee within 28 days of the date she received the Court's Order. (Doc. No. 4). The Court advised Gervais that failure to comply with the Court's Order could result in the dismissal of her claims. (Id.) The Court further advised her that she could request an extension of time to comply with the Court's Order if she sought an extension within 28 days of date of entry of the Court's Order. (Id.)

To date, Gervais has not responded to the Court's Order. An action is subject to dismissal for want of prosecution where the pro se litigant fails to comply with the court's orders or engages

1

in a clear pattern of delay. Gibbons v. Asset Acceptance Corp., No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to sua sponte dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962).  Accordingly, as to Mary J. Gervais, this action is hereby **DISMISSED** for failure to comply with the Order of the Court and for want of prosecution.

### B.    James D. Wimber

Along with the complaint, Wimber submitted an application to proceed in forma pauperis. (Doc. No. 2).  The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, enacted to implement "constraints designed to prevent sportive filings in federal court," Skinner v. Switzer, 562 U.S. 521, 535 (2011), provides the following under Section 1915(g) with respect to prisoner-plaintiffs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, each time a court dismisses a prisoner-plaintiff's civil action or appeals on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may granted, the prisoner-plaintiff earns a "strike" under the PLRA. And, a prisoner-plaintiff who falls within the scope of Section 1915(g) because of three or more previous "strikes" must pay the entire filing fee at the outset of the case—even if the plaintiff has inadequate financial resources to pay the full civil filing fee—unless he or she is under imminent danger of serious physical injury. Wilson v. Yaklich, 148 F.3d 596, 603-04 (6th Cir. 1998), cert. denied, 525 U.S. 1139 (1999).

Plaintiff Wimber is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) because he has, on at least three prior occasions, filed a civil action or an appeal that has been

dismissed for failure to state a claim upon which relief could be granted.  See <u>James D. Wimber</u> <u>v. Charlies Jackson, et al.</u>, No. 3:18-cv-00415 (M.D. Tenn. filed 5/02/2018) (Trauger, J.) (dismissed on 9/04/2018 for failure to state a claim upon which relief can be granted); <u>James D.</u> <u>Wimber v. Stewart County, Tennessee</u>, No. 3:19-cv-00355 (M.D. Tenn. filed 4/30/2019) (Richardson, J.) (dismissed on 5/21/2019 for failure to state claims upon which relief can be granted); <u>James David</u> <u>Wimber v. Stewart County Detention Center</u>, No. 3:19-cv-00572 (M.D. Tenn. filed 7/9/2019) (Crenshaw, Chief J.) (dismissed on 7/22/2019 as barred by issue preclusion).

To fall within the statutory exception to the "three-strikes" rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed.  See <u>Rittner v. Kinder</u>, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citation omitted).  A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception.  <u>Id</u>.  Therefore, pursuant to Section 1915(g) of the PLRA, Plaintiff may pursue the instant action as a pauper only if he is under imminent danger of serious physical injury. He states that he suffers from chronic obstructive pulmonary disease ("COPD") "and it has been advanced to worsen" but does not allege that he is under imminent danger of serious physical injury.  (Doc. No. 1 at 8). Plaintiff has failed to show that he falls within the exception to the PLRA's "three-strikes" rule.

In <u>In re Alea</u>, 286 F.3d 378 (6th Cir. 2002), the Sixth Circuit stated the following with respect to inmates such as Plaintiff with three strikes under § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue.  By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court.  Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of

3

the district court and the court staff. The requirement that the full fees be paid for these actions – whatever their merit or disposition – will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints – thus taking much valuable time away from other non-frivolous litigation – without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

Id. at 382. With respect to the foregoing, the Sixth Circuit stated that, "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair." Id. Accordingly, Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

**II.  PLRA Screening**

Typically, having denied Plaintiff's pauper application, the Court would direct Plaintiff to submit the full four hundred dollar $400.00 filing fee and, upon receipt of the fee, the Court would screen the complaint pursuant to the PLRA. However, it is not necessary in this instance to wait until Plaintiff submits the fee: his claims are subject to dismissal under the doctrine of res judicata.

A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The doctrine of res judicata, i.e., the preclusive effect of a judgment, encompasses both issue preclusion and claim preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing

relitigation of a matter that has been litigated and decided." Id. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." Gen. Elect. Med. Sys. Europe v. Prometheus Health, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

Plaintiff already has filed a pro se complaint pursuant to Section 1983 in which he sought to establish the liability of persons who are not state actors but private citizens for their alleged roles in getting Plaintiff arrested and ultimately sentenced to a term of incarceration in the Stewart County Jail. See James D. Wimber v. Charlie Jackson, et al., No. 3:18-cv-0355 (M.D. Tenn. filed 5/02/2018) (Trauger, J). Plaintiff named Charlie Jackson, Eric Jackson, and Jackson Logging as Defendants to that action. By Order and Memorandum Opinion entered on September 4, 2018, the Court dismissed the action for failure to state Section 1983 claims upon which relief can be granted as to all Defendants. (Id., Doc. No. 21).[1]

---

[1] In addition, in a subsequent case, James David Wimber v. Stewart County Detention Center, et al., No. 3:19-cv-00572 (M.D. Tenn. filed 7/09/2019) (Crenshaw, Chief J.), after final judgment was entered, Plaintiff sought to amend his complaint to add Jackson Logging Company, Charles Jackson, and Eric Jackson as Defendants to the action for their purported roles in Plaintiff's arrest and incarceration. (Id., Doc. No. 10). The Court denied the motion to amend, finding that Plaintiff was not permitted to amend his complaint after the dismissal of his action and the entry of final judgment and, to the extent that Plaintiff sought relief pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure, the would-be Defendants' purported actions were not taken "under color of state law" and Plaintiff could not add these defendants to his previously-dismissed case. (Id., Doc. No. 13).

Plaintiff is barred under the doctrine of issue preclusion from relitigating the Court's prior adjudication of these same Section 1983 claims. In reviewing both complaints, it is apparent that Plaintiff's previous lawsuit and current lawsuit concern the same allegations and the same Defendants. The precise issues now raised, i.e., Section 1983 claims against Charles "Charlie" Jackson, Eric Jackson, and Jackson Logging Company arising from these Defendants' alleged role in Plaintiff's arrest and incarceration, were raised and litigated in a prior action. The Court already has reviewed these claims under the Prison Litigation Reform Act and determined that Plaintiff's allegations failed to state claims under Section 1983 upon which relief can be granted. See James D. Wimber v. Charlie Jackson, et al., No. 3:18-cv-0355 (M.D. Tenn. dismissed 9/04/2018) (Trauger, J.) (Doc. No. 21). That determination is conclusive in this subsequent suit based on the same causes of action under Section 1983.

First, the precise issues were raised and actually litigated in Plaintiff's prior lawsuit. The same claims cannot be relitigated by Plaintiff in this or any other action in federal court, even if Plaintiff provides additional facts that he previously did not provide. See Prometheus Health, 394 F. App'x 280, 283; see also Hamilton v. State Farm Fire & Cas. Co., 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, the Court's determination that the complaint's allegations failed to state a claim upon which relief can be granted under Section 1983 was clearly necessary to the outcome of the prior proceeding. See Prometheus Health, 394 F. App'x 280, 283. Indeed, it was the sole reason for the Court's dismissal of the action: Charlie Jackson, Eric Jackson, and Jackson Logging

Company are not state actors subject to suit under Section 1983. The second requirement for issue preclusion is met.

Third, the Court's decision to dismiss Plaintiff's claims pursuant to the Prison Litigation Reform Act in the previous case was a final judgment on the merits. <u>See</u> 3:18-cv-00415 (Doc. No. 22) ("Judgment is hereby entered for purposes of Rule 58(a) and/or Rule 79(a) of the Federal Rules of Civil Procedure . . . ."). That judgment is binding on Plaintiff. <u>See</u> <u>Prometheus Health</u>, 394 . App'x 280, 283; <u>see also</u> <u>Goodwin v. Hall</u>, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that court's prior decision after screening prisoner-plaintiff's claim under the Prison Litigation Reform Act constituted a final decision on the merits); <u>Haddad v. Mich. Nat'l Corp</u>., 34 F. App'x 217 218 (6th Cir. 2002) (dismissal with prejudice is considered a final judgment on the merits).

Fourth, even though Plaintiff has proceeded pro se in both actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. <u>See</u> <u>Prometheus Health</u>, 394 F. App'x 280, 283; <u>see also</u> <u>United States v. Guy</u>, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (Defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue).

Consequently, the Court concludes that the elements of issue preclusion are met. Plaintiff cannot file another lawsuit in the hope of achieving a different result. The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. Fed. R. Civ. P .8(c). However, the Supreme Court as well as the Sixth Circuit have indicated that a Court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000); <u>Gooch v. Life Investors Ins. Co. of Am</u>., 672 F.3d 402, 418 (6th Cir. 2011) (citing <u>Arizona</u> for the proposition that the Court may address sua sponte the issue

7

of res judicata). The "special circumstance" recognized in <u>Arizona</u> is when "a court is on notice that it has previously decided the issue presented." <u>Id</u>. at 412 (citations and internal quotation marks omitted). As this case is a refiling of a case that was before this Court within the past year, the Court finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits.

## III. Conclusion

Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**. 28 U.S.C. § 1915A. Plaintiff is hereby assessed the full $400 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States

District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by pro se plaintiffs are cash, money order, cashier's check or credit card payment.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Bledsoe County Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement for continued compliance with this order.

Because an appeal would **NOT** be taken in good faith, Plaintiff is **NOT** certified to pursue an appeal from this judgment in forma pauperis.  28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case.  The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED**.**

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE